# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 3:18-cv-220-FDW

| | |
|---|---|
| ROBERT E. WOODWARD, ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | **ORDER** |
| ALAN CLONINGER, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e) and § 1915A. (Doc. No. 1). On May 15, 2018, the Court entered an order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 6). Thus, Plaintiff is proceeding in forma pauperis.

## I. BACKGROUND

Pro se Plaintiff Robert E. Woodward is a North Carolina inmate incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. Plaintiff filed this action on April 26, 2018, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following persons as Defendants: (1) Alan Cloninger, Sheriff, Gaston County; (2) Kim LNU, Head Nurse, Gaston County Detention Center; (3) Jane Doe, Nurse, Gaston County Detention Center; and (4) FNU Nolen, Officer, Gaston County Detention Center. Plaintiff purports to bring an Eighth Amendment claim against Defendants for deliberate indifference to serious medical needs based on Defendants' refusal to provide him with proper medical care related to treatment of his feet arising from his diabetes while he was a pre-trial detainee at the Gaston County Detention

1

Center.  Specifically, Plaintiff alleges the following facts in support of his claim:

> I first went to Gaston County Jail on 12-4-17.  On this trip I was only there for one night but developed blisters on my toes which in turn became diabetic ulcers.  I ended up with cellulitis and months of pain and [unintelligible].  I informed Sheriff Cloninger of this problem in a letter on 12-6-17 and ask him to please amend the policy that kept diabetics from keeping their shoes.  Well I returned on 3-5-18 and "nothing" had been done to remedy this problem.  I was forced to wear the "exact same shoes" that caused me so many problems in December.  On the 6th of March 2018 (following night) my toes busted open once again.  The following morning 3-7-18 I went to medical to check my blood sugar and tried to get some band-aids to no avail!  I tried to declare a medical emergency!  Head nurse Kim was in "earshot" of my conversation and would not even come look at my toes.  It's almost unthinkable someone could be so indifferent to another human being but that's the way head nurse Kim, Nurse Jane Doe, and Officer Nolen all behaved on the morning on 3-7-18.  I explained I had court that morning and really needed my toes dressed or at least bandaged because I had a lot of walking to do.  Nurse Jane Doe and Officer Nolen literally got mad at me for asking.  Officer Nolen which had no business in my medical affairs whatsoever threated to mace me if I didn't get out of her sight!  I'm sitting there with "opened up" toes and "blood soaked" socks and neither Nurse Jane Doe or Head Nurse Kim would so much as give me a band-aid.  I put the blame on all 4 named Defendants.  I let the Sheriff know what was going on roughly 75 hours before I returned.  I argue all four Defendants showed deliberate indifference to my health and well-being.

(Doc. No. 1 at 5-8).  As for his injuries, Plaintiff alleges that:

> both my big toes developed diabetic ulcers during both stays housed at Gaston County Jail.  I ended up with cellulitis in December of 2017 and have been wearing [unintelligible] for months now.  I was almost healed completely until March 6th 2018 when the shoes I was forced to wear re-injured my toes.

(Id. at 4).  For relief, Plaintiff seeks compensatory and punitive damages.

## II.  STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth

3

Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

The Court finds that, assuming that Plaintiff's allegations are true, and drawing all reasonable inferences in his favor, Plaintiff's claim against Defendants for deliberate indifference to serious medical needs is not clearly frivolous.

**IV.     CONCLUSION**

For the reasons stated herein, Plaintiff has alleged a claim for deliberate indifference to serious medical needs against Defendants sufficient to survive this Court's initial review.

As to Jane Doe, identified as a Gaston County Detention Center nurse who was working on the morning of March 7, 2018, and who refused to treat Plaintiff for his injuries, courts have held that where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants

are not known, the prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 832 (7th Cir. 2009). Here, Gaston County officials, particularly Defendant Sheriff Cloninger, should be able to easily identify the name of Defendant Jane Doe. Therefore, once Defendant Cloninger is served with summons and files a responsive pleading or an answer, Plaintiff shall be entitled to engage in limited discovery to ascertain the name of Defendant Jane Doe so that the U.S. Marshal may serve that Defendant with summons. Alternatively, rather than requiring Plaintiff to engage in limited discovery, Defendant Cloninger may voluntarily notify Plaintiff and/or the Court of the name of the Jane Doe Defendant so that she may be served.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint survives initial review under 28 U.S.C. § 1915(e).
2. The Clerk shall send Plaintiff summons forms to fill out so that service may be made on Defendants Sheriff Cloninger, Kim LNU, and FNU Nolen. Once the Court receives the summons forms, the U.S. Marshal shall effectuate service on Defendants Sheriff Cloninger, Kim LNU, and FNU Nolen in accordance with Rule 4 of the Federal Rules of Civil Procedure. As to Defendant Jane Doe, the parties shall proceed in accordance with this Order.

Signed: August 24, 2018

Frank D. Whitney
Chief United States District Judge