# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-00220-FDW

| | |
|---|---|
| ROBERT E. WOODWARD, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )<br>) |
| ALAN CLONINGER, et al., | )     **ORDER**<br>) |
| Defendants. | )<br>) |

**THIS MATTER** comes before the Court on Plaintiff's Pro Se "Motion for Reconsideration" [Doc. 38], which the Court construes as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

On April 26, 2018, pro se Plaintiff Robert E. Woodward, a North Carolina inmate incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action pursuant to 42 U.S.C. § 1983, alleging an Eighth Amendment claim for deliberate indifference to serious medical needs against various defendants. [Doc. 1]. On August 26, 2019, this Court entered an order granting summary judgment for Defendants [Doc. 36] and judgment was entered thereon [Doc. 37]. In granting summary judgment for Defendants, the Court noted Plaintiff's failure to submit evidence in the proper form in response to the Defendants' forecast of evidence. [Doc. 36 at 3-4]. The Court, however, granted summary judgment for each of the Defendants on independent grounds and specifically noted that summary judgment would be granted even if Plaintiff could rely on mere allegations in his pleadings to overcome Defendants' evidence. [See id., generally; id at 13].

On September 12, 2019, Plaintiff filed the pending motion. [Doc. 38]. Defendant's

responded to Plaintiff's motion. [Doc. 39]. Plaintiff argues that the Court should revisit its judgment because Plaintiff did not receive the Court's Roseboro order advising the Plaintiff of his obligations in responding to the Defendants' summary judgment motions and was not aware that he had to provide affidavits or other statements signed under penalty of perjury in order to overcome Defendants' forecast of evidence. [See id. at 2]. The remainder of Plaintiff's motion is a rehashing of allegations and arguments he has previously presented to the Court. [See id.].

Regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when he filed his Complaint, nor does his motion stem from an intervening change in the applicable law. Furthermore, Plaintiff has not shown that a clear error of law has been made, or

that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion for Reconsideration" [Doc. 38] is **DENIED**.

Signed: October 18, 2019

Frank D. Whitney
Chief United States District Judge