UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-00220-FDW

| ROBERT E. WOODWARD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
|  | ) | **ORDER** |
|  | ) |  |
| ALAN CLONINGER, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** comes before the Court on Plaintiff's Pro Se "Motion for Reconsideration in Light of New Evidence" [Doc. 41], which the Court construes as a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

On April 26, 2018, pro se Plaintiff Robert E. Woodward, a North Carolina inmate incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action pursuant to 42 U.S.C. § 1983, alleging an Eighth Amendment claim for deliberate indifference to serious medical needs against various defendants. [Doc. 1]. On August 26, 2019, this Court entered an order granting summary judgment for Defendants [Doc. 36] and judgment was entered thereon [Doc. 37].[1] In granting summary judgment for Defendants, the Court noted Plaintiff's failure to submit evidence in the proper form in response to the Defendants' forecast of evidence. [Doc. 36 at 3-4]. The Court, however, granted summary judgment for each of the Defendants on independent grounds and specifically noted that summary judgment would be granted even if Plaintiff could rely on mere allegations in his pleadings to overcome Defendants' evidence. [See

---

[1] A full recitation of facts relevant to the Court's disposition of the current motion can be found at Docket No. 36.

id., generally; id at 13].

On September 12, 2019, Plaintiff filed a motion for reconsideration of the Court's summary judgment order, arguing that the Court should revisit its judgment because Plaintiff did not receive the Court's Roseboro order advising the Plaintiff of his obligations in responding to the Defendants' summary judgment motions and was not aware that he had to provide affidavits or other statements signed under penalty of perjury in order to overcome Defendants' forecast of evidence. [Doc. 38]. The Court denied Plaintiff's motion for the reasons stated in that Order. [Doc. 40].

Plaintiff again moves for reconsideration of the Court's Order granting summary judgment for Defendants. Plaintiff argues, in pertinent part, in support of his motion:

> Plaintiff just received his medical records proving he arrived at Gaston County Jail on 12-4-2017 without cellulitis (Exhibit A) and 'less than a week later' in fact had cellulitis, (Exhibit B) (Exhibit C)[.] This evidence directly refutes Dr. Bruce Flitt's Affidavit where he is adamant I couldn't contract cellulitis in such a short time-span. He does not deny I received the injuries at jail just I couldn't have gotten cellulitis. This alone is a genuine issue of material fact that could lead a reasonable jury to rule in my favor so therefore Plaintiff is entitled to survive summary judgment.

[Doc. 41 at 1-2]. As Plaintiff was previously advised [Doc. 40 at 2], regarding motions to alter or amend a judgment under Rule 59(e), the Fourth Circuit Court of Appeals has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the

circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Here, Plaintiff contends he only recently received the medical record he relies on but provides no explanation as to why the record was unavailable to him at summary judgment. Even assuming the medical record was truly unavailable to Plaintiff at summary judgment, it does not provide grounds for the Court to reconsider its summary judgment Order. The medical record Plaintiff relies on as "proof" that Plaintiff did not have cellulitis when he arrived at Gaston County Jail is not a treatment record. The record, which is dated December 4, 2017, appears to provide a general overview of Plaintiff's chronic conditions and medications for the purpose of Plaintiff's transfer to Gaston County Detention Center. [See Doc. 41-1 at 1]. Dr. Flitt's Affidavit testimony is not contradicted by this medical record. Dr. Flitt states: "Cellulitis is a skin infection that can develop over time when a wound is not cared for and is treatable with antibiotics and monitoring. It takes more than the time Plaintiff was at the jail in December 2017 and March 2018 to develop.… Plaintiff did not develop diabetic ulcers or cellulitis from these jail visits." [Doc. 14-1 at ¶¶ 24-25]. As such, Plaintiff's purported new evidence, to the extent it has any relevance, aligns with Dr. Flitt's testimony. Namely, the absence of a diagnosis of cellulitis on December 4, 2017 is expected because cellulitis develops over time and does not manifest as soon as the conditions that allow for its development exist.

Further, Plaintiff has not shown an intervening change in the applicable law, that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion for Reconsideration in Light of New Evidence" [Doc. 41] is **DENIED**.

Signed: February 10, 2020

Frank D. Whitney
Chief United States District Judge